No. 19,640.

J. M. ROBERTS, *Appellant,* v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

RAILROAD—*Negligence Specified in Jury's Findings—All Other Negligence Excluded.* Where a recovery is sought by reason of several negligent acts of the defendant, and the jury in answer to a special question finds that the negligence upon which they base their verdict is a certain single act of the defendant, the finding in effect acquits the defendant of every charge of negligence alleged in the petition or mentioned in the evidence except the one specifically designated in the finding.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed October 7, 1916. Affirmed.

*John Madden,* and *C. E. Cooper,* both of Parsons, for the appellant.

*W. W. Brown, James W. Reid,* and *E. L. Burton,* all of Parsons, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is a suit to recover for personal injuries sustained by J. M. Roberts while working in one of the shops of the Missouri, Kansas & Texas Railway Company.

In fitting or rolling the flues of boilers an air motor is used. One of the motors used by the defendant was attached by chains to a piece of pipe or flue which was placed about seven feet high on ladders or horses near the boiler on which the plaintiff was working. It was attached so as to give the motor some play, and that it might be moved back and forth from flue to flue as the occasion required. To enable the workman to handle the motor a platform was made about two and a half feet above the floor of planks, supported on wooden horses. While the plaintiff was standing on this platform operating the motor the flue or cross-bar from which the motor was suspended broke, the motor fell on the platform, and the plaintiff was thrown astride of one of the wooden horses and injured. In his petition he alleged that he was in-

experienced in such work, and that the defendant, knowing of his inexperience, was negligent in failing to instruct him and to provide for his safety. He charged, too, that the defendant was negligent in failing to furnish proper chains and appliances for attaching the motor to the cross-bar or flue. It was also charged that the defendant negligently provided a defective flue for the support of the motor in that the flue had become crystallized and weak, that the defendant knew or should have known of its condition and was, therefore, responsible for the break and the resulting injury. On the trial the jury returned a general verdict in favor of the plaintiff, but in answer to special questions stated that they based the verdict alone upon the negligence of the defendant in providing a defective flue. As to the defect in the flue the jury found it was latent, and that it was due to crystallization of the metal which could not be discovered by an ordinary inspection.

On these findings the trial court rightly set aside the general verdict and gave judgment for the defendant. It appears to be conceded that as the case stands the defendant can not be held liable because of the defect in the flue or cross-bar. It is contended, however, that as other grounds of negligence were alleged by the plaintiff and a general verdict was returned in his favor we should presume that these were established and furnish a basis for the verdict. The contrary of this contention is the rule. Such a finding in effect acquits the defendant of every charge of negligence stated in the petition or mentioned in the evidence, except the one specifically designated in the finding. (*Sugar Co. v. Riley,* 50 Kan. 401, 31 Pac. 1090, 34 Am. St. Rep. 123; *Hayden v. Railway Co.,* 87 Kan. 438, 124 Pac. 165; *Tecza v. Sulzberger & Sons Co.,* 92 Kan. 97, 140 Pac. 105; *Adams v. Railway Co.,* 93 Kan. 475, 144 Pac. 999.)

It is said that a judgment against the plaintiff should not have been given because the special findings did not cover all the facts in the case. The findings made were based on ultimate and controlling facts which necessarily overthrew the general verdict. The only basis for the verdict or for a recovery by the plaintiff is that the injury suffered by the plaintiff was the result of the defendant's negligence. Since the

findings of the jury absolved the defendant from the charge of negligence or of responsibility for the plaintiff's injury they necessarily compel a judgment in its favor.

It would be idle to consider the minor issues in the case as the findings made preclude a recovery against the defendant for the injury. It is said that the evidence did not justify the findings made, but the sufficiency of the evidence was not raised by the plaintiff before the trial court and is not available on this appeal.

The judgment is affirmed.