No. 20,359.

JAMES C. CASE, *Appellant*, v. ROBERT B. YOAKUM, *Appellee*.

SYLLABUS BY THE COURT.

MASTER AND SERVANT — *Personal Injuries* — *Negligence Found Not Charged in Petition*—*No Recovery.* The petition alleged that a certain runway over which the plaintiff was carrying heavy lumber was insufficient, that all the boards were old, weather-worn, rotten and weak and not properly fastened at the ends, and were not fit or proper boards for the purpose for which they were being used, and that the walk or one of the boards therein broke and the plaintiff was precipitated to the cellar. The jury returned a verdict for the plaintiff, but found as the sole ground of negligence that the walk was too narrow. *Held,* that a judgment for the defendant on this finding must be sustained.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed December 9, 1916. Affirmed.

*Benjamin F. Endres,* of Leavenworth, for the appellant.

*Floyd E. Harper,* of Leavenworth, and *B. R. Hogin,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to recover for injuries caused by a fall from a runway in a building under process of construction by the defendant. It was alleged that in order to reach the inside of the building a runway or board walk was constructed by defendant over the opening or cellar at the rear of the building, consisting of two or three boards from six to eight feet long, one of which was two inches thick and six inches wide, one either two by ten or two by twelve laid flat and lengthwise over the opening, and between the two was laid a piece of planking called flooring one inch thick and six inches wide; that while carrying a 24-foot plank over this runway one of the boards therein broke and the plaintiff was precipitated to the cellar; "that said board walk or runway was at said time wholly insufficient to support a man of the size of plaintiff while carrying a board or joist such as plaintiff was carrying at the time and weighing 150 pounds more or less; that all of said boards were old, weather-worn, rotten and weak;

that they were not properly fastened at the ends and were not fit or proper boards for the purposes for which they were being used at said time and place."

In his opening statement counsel for plaintiff said:

"The evidence will show . . . when all of a sudden one of the boards on the runway broke and Mr. Case was precipitated to the cellar below on to some piping that was in the cellar."

The defendant, in his opening statement, said the evidence for the defendant would go to show the condition of the runway, the manner in which it was used and the material of which it was constructed, and that the court would instruct that unless the jury should believe from the evidence that the defendant was negligent in the way the runway was constructed and the material that was used there they should find for the defendant. Plaintiff, among other things, testified:

"As I was going there, there was three boards down on the runway that I had to walk over; one was two by ten, or two by eight and the other was two by six or two by eight, and I do not know what the other was, but as I got in the center of that runway that plank broke with me and I fell into the cellar and cut my head here and broke three of my ribs and skinned my face."

He could not state which board broke, but said that when he got in the center he just realized that he was going down and had a remembrance as he was going down he heard the boards breaking.

"Q. You are positive one of those boards broke and let you through there? A. Yes, sir. One of those boards broke; I could not say for sure which one it is."

Another witness testified that when he reached the cellar he saw the piece of flooring broken, down by the plaintiff—

"After the accident, I looked up from the alley and I could see two boards in the runway; they were two inches thick. All I could see after he fell, were two boards and I saw a broken board down where he was in the cellar. It was flooring that was laying right below Mr. Case, and it was broke. . . . It was four inches wide and one inch thick."

There was also testimony that the boards were a good deal worn, and that after the accident a two-by-twelve-inch board was added; that the runway was made about twelve inches wider and was nailed to the floor. The jury were instructed if they believed from the evidence that the runway was defective

and that the construction thereof was insufficient, or that one of the boards was defective or insufficient for the use being made of it at the time, and by reason thereof it broke and occasioned the injury, that under certain conditions mentioned the plaintiff was entitled to recover. A general verdict was returned for $787.50 in favor of the plaintiff, and seven special questions were answered which have no significance except upon the possible question of contributory negligence in the general strength and use of the runway. The eighth question was:

"State fully, clearly and specifically the negligence of which defendant was guilty and upon which you rendered a verdict in favor of plaintiff. Answer: The runway to narrow."

Defendant did not file a motion for new trial, but for judgment notwithstanding the general verdict, which was granted, and the plaintiff appeals.

. The only question involved is whether or not this answer was so clear and specific a restriction of the negligence of the defendant to the mere width of the runway as to justify the action of the trial court. It is urged that narrowness may well be an insufficiency, and that under the allegations it was quite consistent for the jury to find that for a man carrying a board or joist weighing 150 pounds the runway was by reason of its meager width insufficient.

One witness testified that there were only two boards in the runway, each two inches thick, and that a piece of flooring was used as a brace from the floor to a door frame two or three feet from the runway, against which brace a man would be apt to fall if he fell off the east side of the runway, and that when witness got down cellar this brace was there, broken. The answer would indicate that the jury took this view of the case and concluded that by reason of the narrowness of the walk, consisting of only two boards, the plaintiff fell therefrom against the brace, breaking it and carrying it down with him. The case was brought and presented on the theory that the walk or some part thereof broke and gave way, not that by reason of its narrowness the plaintiff fell therefrom.

When the finding, taken in connection with another, as in the case of *Springer v. Railway Co.*, 95 Kan. 408, 148 Pac. 611, amounts to a statement of one of the conditions bringing about

the injury, and other conditions are shown by the evidence and found by the jury, such finding does not necessarily conflict with the general verdict. In *Tecza v. Sulzberger & Sons Co.*, 92 Kan. 97, 140 Pac. 105, the jury rested the negligence on insufficient light, and it was held that while the plaintiff did not in so many words say that his fall was caused by the want of light it was deemed that there was room for the inference that a better light would have enabled him to secure a better footing; but even there the petition alleged various forms of negligence, including insufficient light, and it was held that the answer of the jury excluded other forms than the one mentioned therein.

When the finding clearly excludes all other elements than the one specified therein the unvarying rule is that this element alone may be considered as proved, and that all others alleged are deemed to be left unsupported. (*Railway v. Roth,* 80 Kan. 752, 104 Pac. 849; *Plummer v. Railway Co.,* 86 Kan. 744, 121 Pac. 906; *Adams v. Railway Co.,* 93 Kan. 475, 144 Pac. 999; *Pullin v. Railway Co.,* 96 Kan. 165, syl. ¶ 2, 173, 150 Pac. 604. See, also, *Martin v. City of Columbus,* 96 Kan. 803, 153 Pac. 518; *Keck v. Jones,* 97 Kan. 470, 155 Pac. 950.)

In *Roberts v. Railway Co.,* 98 Kan. 705, it was said:

"It is contended, however, that as other grounds of negligence were alleged by the plaintiff and a general verdict was returned in his favor we should presume that these were established and furnished a basis for the verdict. The contrary of this contention is the rule. Such a finding in effect acquits the defendant of every charge of negligence stated in the petition or mentioned in the evidence, except the one specifically designated in the finding." (p. 706.)

The judgment is affirmed.