No. 22,854.

BEULAH WALL, *Appellant*, v. THE UNION TRACTION COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Finding of Jury—Against Plaintiff's Claim of Negligence.* In an action against a traction company to recover damages for personal injuries it is held that under the averments of the petition the burden rested on plaintiff to establish that the car was started, as she alleged, with a violent jerk and with sudden force as she was attempting to board the car, and where, in answer to the following special question: "Do you find that the car started in its usual and ordinary way?" the jury answer: "We don't know," the finding will be construed as against the plaintiff's contention.

2. SAME—*Finding of Jury—Acquits Defendant of Negligence Pleaded.* In answer to a request to state in what the negligence of defendant consisted, the jury stated an omission not charged as negligence and not submitted to the jury as a basis of recovery. *Held*, the answer acquitted the defendant of the negligence pleaded and precluded re-

covery. (*Ivey v. Railroad Co.*, 99 Kan. 613, 162 Pac. 288, and cases cited in the opinion.)

3. SAME — *Special Findings — Compel Judgment in Defendant's Favor.* *Held*, on the facts stated in the opinion, that the special findings compelled a judgment in defendant's favor notwithstanding the general verdict.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed March 12, 1921. Affirmed.

*Thurman Hill*, and *Walter McVey*, both of Independence, for the appellant.

*Chester Stevens*, of Independence, and *John J. Jones*, of Chanute, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff sued the traction company to recover damages for personal injuries which she alleged were caused by the negligence of the employees of the defendant while she was a passenger on an interurban car. The jury returned a verdict in her favor for $1,000. On motion of the defendant the court set aside the verdict and rendered judgment against the plaintiff on the special findings of the jury. From this ruling the plaintiff appeals.

The petition alleged that plaintiff, with other passengers, boarded an interurban car of defendant near the city of Independence, and while she was on the steps and before she had entered the vestibule, the car was negligently and carelessly started with a violent jerk which caused her to be thrown to the floor of the vestibule, by which she received the injuries of which she complains. The petition further alleged that the conductor in charge of the car refused and neglected to assist plaintiff "after she was thrown on the floor." The allegation with respect to negligence was as follows: "That plaintiff's injuries were caused by the negligence, carelessness and want of attention upon the part of the defendant, its officers, agents, servants and employees, and especially the motorman and conductor . : . in starting the said car while plaintiff was in the act of boarding same and in starting it with such sudden force and with a violent jerk that threw the plaintiff off of her feet and onto the floor of the vestibule of said car."

Wall v. Traction Co.

The plaintiff is a married woman, 26 years of age, and was traveling with a carnival show. She testified that she was carrying two valises when she entered the car and that the sudden starting of the car caused her to fall forward on her knees, that the conductor was standing in the vestibule and made no attempt to assist her to get up.

"After I asked him why he didn't help me, he said, 'You look like you were big enough to help yourself.' I said, 'That's what you're supposed to do, isn't it, you big simp? Especially when I had a big hand bag.'"

Several witnesses for the defendant testified that there was nothing unusual in the manner in which the car was started at the time the plaintiff fell.

The case turns upon two special findings of the jury, as follows:

"Q. 3. If you find for the plaintiff, in what respect do you find the defendant, its agents, servants and employees negligent? A. Failing to assist passenger.

"Q. 6. Do you find that the car started in its usual and ordinary way? A. We don't know."

The burden rested on plaintiff to establish that the car was started as she alleged with a violent jerk and with sudden force as she was attempting to enter the car. The special finding number 6 indicates that she was unable to convince the jury that there was anything unusual in the manner in which the car started.

Aside from this fact, however, the finding that the negligence of defendant consisted in the failure of the employees to assist the plaintiff, "acquits the defendant of every charge of negligence stated in the petition or mentioned in the evidence, except the one specifically designated in the finding." (*Roberts v. Railway Co.*, 98 Kan. 705, Syl., 161 Pac. 590; *Railway Co. v. Roth*, 80 Kan. 752, 104 Pac. 849; *Plummer v. Railway Co.*, 86 Kan. 744, 121 Pac. 906; *Adams v. Railway Co.*, 93 Kan. 475, 144 Pac. 999; *Case v. Yoakum*, 99 Kan. 253, 161 Pac. 642; *Ivey v. Railroad Co.*, 99 Kan. 613, 162 Pac. 288.)

In the last cited case it was held:

"In answer to a request to state in what the negligence of the defendant consisted, the jury stated an omission not complained of, not submitted to the jury as a basis of recovery, and which, under the finding already referred to, was not an actionable omission. *Held*, the answer

acquitted the defendant of the negligence pleaded and precluded recovery." (Syl. ¶ 2.)

It was held in the case of *Martin v. City of Columbus,* 96 Kan. 803, 153 Pac. 518:

"When special findings of fact in a personal-injury case acquit the defendant of liability on the sole ground on which the plaintiff might have recovered under his petition, the special findings cannot be reconciled with a general verdict for the plaintiff and the defendant is entitled to judgment on the special findings." (Syl.)

The only negligence charged in the petition was in starting the car with a sudden or violent jerk while the plaintiff was attempting to get on the car. As to this charge the jury were unable to say from the evidence that it had been established, but they found expressly that the negligence of which defendant was guilty was the failure of the conductor to assist the passenger, which was not charged as negligence. The averment in the petition that the conductor failed and refused to assist plaintiff "after she was thrown to the floor" was merely the statement of a fact which could not have contributed to plaintiff's fall, or to her injuries.

The judgment is affirmed.