No. 30,819.

FERNE BEHLER, *Appellee,* v. THE WICHITA TRANSPORTATION COMPANY, *Appellant.*

(16 P. 2d 503.)

Opinion filed December 10, 1932.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith* and *C. H. Morris,* all of Wichita, for the appellant.

*L. C. Gabbert,* of Wichita, for the appellee.

The opinion of the court was delivered by

SLOAN, J.: This is an action to recover damages growing out of a personal injury. It is alleged in the petition that the defendant is a corporation organized under the laws of the state of Kansas for the purpose of hauling passengers for hire in the city of Wichita; that the plaintiff was a passenger for hire on a bus operated by the defendant on January 20, 1931, and that such bus came to a stop

at the curb and plaintiff attempted to alight therefrom. "But plaintiff states that as she was in the act of alighting from said bus and was descending the steps at the doorway of said bus, the defendant, through its said driver, agent and employee in charge of said bus, carelessly, negligently, abruptly, violently, and without warning started said bus forward, causing plaintiff to be thrown with great force and violence into and against the jamb of the door and side of said bus and to be thus and thereby greatly injured." The plaintiff's injury is alleged, and she asked damages in the sum of $25,000. The answer is a general denial.

The evidence on the part of the plaintiff was to the effect that as she stepped from the last step of the bus the driver started it with a jerk and she was thrown against the side of the steps. The bus did not stop but continued on its course. There was evidence on the part of the defendant to the effect that the plaintiff was on the ground and clear of the bus before it started. The jury returned a general verdict in favor of the plaintiff, and answered special questions as follows:

"1. Was the plaintiff a passenger on defendant's bus No. 304? A. Yes.

"2. Was the defendant's agent, Aaron, a driver of bus No. 304? A. Yes.

"3. Did the bus come to a full stop at the corner of Exposition avenue and First street to permit the plaintiff to alight? A. Yes.

"4. Was the door of the bus open when the plaintiff was alighting therefrom? A. Yes.

"5. Was the bus started from the corner of Exposition and West First streets in an abrupt and violent manner? A. No.

"7. What, if any, negligence do you find as against the plaintiff? A. None.

"8. What, if any, negligence do you find as against the defendant? A. We, the jury, believe that the plaintiff was injured in an accident while in the act of alighting from the bus without attracting the attention of the driver of the bus.

"9. What, if anything, do you allow the plaintiff for (a) pain and suffering? A. $1,500. (b) Permanent injuries, including pain and suffering? A. ———."

The defendant moved for a judgment on the special findings of the jury notwithstanding the general verdict. The court overruled this motion. No motion for a new trial was filed and the only question here for review is the order of the court overruling the motion for a judgment on the special findings.

The petition specifically charged that the appellant was negligent in that it abruptly, violently and without warning started the bus. The court instructed the jury that if it found this allegation to be true the verdict should be in favor of the plaintiff. The jury in

answer to interrogatory number five found that the evidence failed to establish the negligence upon which the appellee based her case. This was the only negligence charged in the petition, and the finding of the jury exonerates the appellant of the charge. The appellee argues that the jury in answer to interrogatory number eight found that the appellee was injured while in the act of alighting from the bus and that this finding, together with the general verdict, establishes such negligence as would support the judgment. It is, of course, the duty of the court to reconcile the special findings with the general verdict if it can reasonably be done, but here we have a case in which the defendant is exonerated of the negligence charged, and a finding that the appellee alighted from the bus without attracting the attention of the driver. This is not negligence on the part of the appellant. The starting of a bus while a passenger is alighting therefrom may, under some circumstances, be negligence on the part of the transportation company, but the fair interpretation of the answer given by the jury in this case is that if there was any omission it was on the part of the appellee. The law is well established in this state that where the special findings of the jury acquit the defendant of the negligence charged in the petition, a general verdict for the plaintiff cannot be reconciled with such findings and the defendant is entitled to a judgment. (*Wall v. Traction Co.*, 108 Kan. 531, 196 Pac. 434, and cases there cited.)

The judgment of the district court is reversed, and the court is directed to enter judgment for the appellant.