No. 35,290

EDNA M. HALEY, *Appellee,* v. THE KANSAS CITY PUBLIC SERVICE COMPANY, *Appellant.*

(119 P. 2d 449)

478

Opinion filed December 6, 1941.

*Fred Robertson, E. M. Boddington, J. O. Emerson,* all of Kansas City, and *Charles L. Carr,* of Kansas City, Mo., for the appellant.
*Joseph Cohen,* of Kansas City, for the appellee.

The opinion of the court was delivered by

HOCH, J.: In an action for damages for personal injuries alleged to have been received by plaintiff while a passenger on a bus operated by the defendant, the plaintiff prevailed, and defendant appeals.

The principal errors assigned are that the appellant was entitled to judgment on the jury's answers to the special questions notwithstanding the general verdict; that the verdict was not supported by any substantial evidence; that the court erred in admission of testimony, in not declaring a mistrial on account of the misconduct of plaintiff's counsel and in refusing to give a requested instruction.

The alleged injury occurred soon after noon on October 16, 1937. A few moments theretofore the plaintiff had boarded a public bus operated by the defendant, the Kansas City Public Service Company, in Kansas City, Kan. In her petition she alleged that as the bus was about to enter the Seventh street viaduct at Southwest boulevard the operator of the bus caused the bus to stop suddenly, throwing her out of her seat in the rear of the car and against an upright steel post, with the result that she sustained serious and permanent injuries. She asked judgment for $3,000. The case was tried in March, 1941. The jury returned a verdict for the plaintiff for $250 and answered special questions as follows:

"1. Did the bus just prior to the time the plaintiff claims she was injured while traveling northeastward on Southwest boulevard, start to make a turn to the left in order to enter Seventh street trafficway? A. Yes.

"2. As the bus was turning to its left on Southwest Boulevard toward Seventh street did a vehicle coming in the opposite direction on Seventh street trafficway turn to its left in front of the bus so closely as to create danger of collision? A. Yes.

"3. Was the bus in danger of colliding with another vehicle when the operator put on the brakes and brought it to a stop? A. Yes.

"4. Did the bus operator stop his bus in order to prevent danger of collision with a vehicle that turned in front of the bus? A. Yes.

"5. Were any of the passengers in the bus subjected to any unreasonable danger of injury by the manner in which the operator brought his bus to a stop? A. Don't know.

"6. What was the speed of the bus at the time the operator first applied the brakes for the stop? A. Ten to 13 miles per hour.

"7. Was any passenger on the bus other than the plaintiff injured by the stop which the operator made? A. Don't know.

"8. Was the plaintiff injured by the stopping of the bus? A. Yes.

"9. If you answer yes to the last question, what injury did plaintiff receive? A. Injury to left shoulder, wrist and back.

"10. If you find that the operator of the bus was negligent, state specifically what his negligence was. A. By not observing the oncoming car in time to prevent a more or less sudden stop."

It appears from the answers that an approaching vehicle cut so closely in front of the bus that there was danger of collision and the operator applied the brakes and stopped the bus in order to avoid it; that when the brakes were first applied the speed of the bus was only 10 to 13 miles per hour; that the jury didn't know whether the manner in which the bus was stopped subjected any of the passengers to any unreasonable danger of injury; and that they didn't know whether any passengers—of whom there were eight or ten—other than the plaintiff were injured. The only negligence of which the jury found the defendant guilty was *"by not observing the oncoming car in time* to prevent a more or less sudden stop." (Italics supplied.)

Appellee urges that by their answer to question five the jury meant "any passengers *other than the plaintiff."* We find no justification for reading the additional words into the question. The jury answered plainly that they didn't know whether the bus was stopped in a way to subject any of the passengers to "any unreasonable danger of injury." Could it reasonably be said that while the jury didn't know whether the manner of stopping the bus subjected *other passengers* to unreasonable danger of injury, they did know that the plaintiff—who alleged in her petition that she was seated in the rear of the bus—was subjected to such danger? Appellee's contention, moreover, is inconsistent with the construction placed upon the question by her counsel in his address to the jury. In going over the question *seriatim* and advising the jury how he thought each question should be answered, counsel said as to question five: "Number 5: 'Were any of the passengers in the bus subjected to any unreasonable danger of injury by the manner in which the operator brought his bus to a stop?' Of course there was a passenger sub-

jected to danger in the manner by which they brought that bus to a stop. It was Mrs. Haley; and I say your answer to question 5 is, yes, there was a passenger subjected to danger." There is no reason to believe the jury did not understand the question, and their answer "don't know" must be regarded as favorable to the defendant. ( See *Darrington v. Campbell,* 150 Kan. 407, 410, 94 P. 2d 305, and many other cases cited in Kansas digests.)

The answer to question five is consistent with the answer to question ten. In its answer to the latter question the jury did not find that the operator, faced with the emergency, was negligent in the manner in which he stopped the bus. It found that the specific negligence of which he was guilty was in *"not observing the oncoming car in time* to prevent a more or less sudden stop." (Italics supplied.) Whatever significance might be attached to the indefinite phrase "more or less sudden stop," the only negligence found was in failing to keep an alert lookout ahead in order to see approaching cars in time to prevent it. But no negligence consisting of failure to watch ahead was alleged in the petition. The only negligence alleged related to the manner of stopping the bus. The finding as to specific negligence absolves the defendant from all other acts of negligence pleaded. (*Shepard v. Thompson,* 153 Kan. 68, 109 P. 2d 126; *Balandran v. Compton,* 141 Kan. 321, 41 P. 2d 720; *Roberts v. Railway Co.,* 98 Kan. 705, 161 Pac. 590; *Martin v. City of Columbus,* 96 Kan. 803, 153 Pac. 518; *McBeth v. Railway Co.,* 95 Kan. 364, 148 Pac. 621.) Furthermore, the answer to question ten was wholly unsupported by any testimony. Neither the plaintiff nor anyone else testified that the bus operator was not watching ahead or that he did not at all times observe the oncoming car which cut across so closely in front of him. On the contrary, all the testimony on the point was that he was watching ahead. The operator testified: "I was watching where I was going." Zdlewski, a passenger on the bus, testified: "The bus driver was watching where he was going. Nobody was talking to him. He was looking ahead." The jury, it is true, was not required to believe these witnesses. But no one testified to the contrary.

It is clear that the defendant was entitled to judgment on the answers to the special questions notwithstanding the general verdict. This conclusion makes it unnecessary to consider the other assignments of error.

The judgment is reversed and the cause remanded with directions to enter judgment for the defendant.