No. 36,156

W. B. Coryell and D. M. Coryell, Partners Doing Business as Coryell Brothers, *Appellants*, v. A. A. Edens, *Appellee*.

A. A. Edens, *Appellee*, v. The National Mutual Casualty Company, W. B. Coryell and D. M. Coryell, Doing Business as Coryell Brothers, and Hardy Vogel, *Appellants*.

(150 P. 2d 341)

Opinion filed July 8, 1944.

*C. E. Vance,* of Garden City, argued the cause, and *Wm. Easton Hutchison* and *A. M. Fleming,* both of Garden City, were on the briefs for the appellants.

*H. O. Trinkle, Ray H. Calihan* and *Roland H. Tate,* all of Garden City, were on the briefs for the appellee.

The opinion of the court was delivered by

Hoch, J.: This is an automobile collision case. Appellants contend that they were entitled to judgment on the jury's answers to special questions, notwithstanding the general verdict against them. The question is whether the jury's special finding constituted actionable negligence within the allegations of the petition.

Coryell Brothers, appellants, was a partnership engaged in the transportation of crude oil and other products under a contract carrier permit. On August 24, 1942, on a paved highway in Scott county, one of their outfits—a truck and trailer—driven by H. Vogel, attempted to pass another outfit going in the same direction. The other outfit was a tractor driven by Edens, the appellee, and pulling a combine. The vehicles collided with resulting damage to both and with personal injuries, alleged, to Edens. Both parties sued for damages, Coryell Brothers asking judgment for $1,000 and Edens asking judgment for $250 for personal injuries and

$4,000 for property damage against Vogel, the Coryells, and their insurance carrier. The two actions were consolidated and tried together before a jury. The jury's verdict was for Edens and recovery fixed 'at $2,208. The jury also made special findings as follows:

"1. If you find' that the defendant Hardy Vogel was guilty of negligence which caused or contributed to the accident, of what did such negligence consist? A. He was responsible because he misjudged his distance in attempting to pass combine.

"2. Did Edens' combine extend beyond the center of the highway to left at the time it contacted the Coryell transport truck or trailer? A. No evidence proved that it did."

The Coryells and their codefendants moved for judgment on the answers on the ground that "the answer" made by the jury attempted to specify an act not pleaded, and "not supported by any evidence," and that they were thereby acquitted of all acts of negligence alleged. The motion was overruled, as was a motion for new trial, judgment was entered and this appeal followed.

None of the evidence was brought here for review and consequently no consideration can be had of the contention that the answers were not supported by evidence. Furthermore, a motion for judgment on special findings *non obstante veredicto* concedes that such findings are supported by evidence. (*Taggart v. Yellow Cab Co. of Wichita,* 156 Kan. 88, 93, 131 P. 2d 924.)

We note appellants' complaint concerning instructions Nos. 3 and 4, dealing with the allegations of negligence, and which are the only instructions shown in the abstract. Appellee states that other instructions also dealt with the subject of negligence but he does not bring them here by counter-abstract. In any event, the abstract does not disclose that appellants objected to any of the instructions, nor do they contend that objection was made. Accordingly, the instructions became the law of the case and we need not consider them. (*Montague v. Burgerhoff,* 152 Kan. 124, 128, 102 P. 2d 1031.)

In Edens' petition and cross petition ten specific acts of negligence on the part of Vogel were alleged. We think it only necessary to recite two of them, which were as follows:

"g. In driving said truck or vehicle too far to the right and upon the right-hand side of the center line of the traveled portion of said highway in attempting to pass the plaintiff.

"h. In failing to drive said truck or vehicle to the left of the center line of the traveled portion of said highway and thus avoiding the accident and collision with the rear end of the plaintiff's combine."

Can it fairly be said that the jury's answer to question 1 was not within the allegations, particularly allegation "g"? We do not think so. While the wording of the answer might easily have been improved, we think that when the jury said that Vogel "misjudged his distance in attempting to pass" it meant to say that he drove over too far or too soon into the right traffic lane in attempting to pass and get ahead of Edens. This is not essentially different from the allegation of the petition that he drove "too far to the right and upon the right-hand side of the center line" in attempting to pass. Also, we cannot agree with appellants' argument that the answer to question No. 2 is helpful to their contention. The jury's finding that there was no evidence that the combine extended beyond the center of the highway at the time it came in contact with the Coryell truck or trailer at least gives no support to any contention that the collision occurred to the left of the center line.

Our conclusion is fortified by the general rules that special findings are to be construed liberally with a view to ascertaining the intention of the jury (64 C. J. 1185): that the findings are to be given the meaning intended however unskillfully expressed (*Springer v. Railroad Co.,* 95 Kan. 408, 409, 146 Pac. 1125), and that liberality of construction should be indulged in order to avoid inconsistency between the findings and the verdict and to uphold the verdict. (*Weisendanger v. Lind,* 114 Kan. 523, 528, 220 Pac. 263; *Ahlstrom v. Kansas Milling Co.,* 85 Kan. 548, 550, 118 Pac. 57.)

We find no error and the judgment is affirmed.