No. 41,982

Mary B. Epple, *Appellee*, v. S. H. Kress and Company, a Corporation, *Appellant*.

(357 P. 2d 828)

Opinion filed December 10, 1960.

*J. Curtis Nettels,* of Pittsburg, argued the cause, and *R. L. Letton* and *R. L. White,* both of Pittsburg, were with him on the brief for the appellant.

*Harold H. Crook,* of Pittsburg, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: In this action plaintiff sought damages for personal injuries sustained by her resulting from a fall in defendant's retail store in Pittsburg.

The jury returned a general verdict for plaintiff in the amount of $800, and made special findings. Judgment was entered thereon and defendant has appealed.

The only question presented is whether defendant is entitled to judgment on the special findings notwithstanding the general verdict.

Discussion of the question necessitates a brief reference to the pleadings.

The petition alleged that plaintiff, a customer and business invitee in defendant's store—

". . . had been to the ladies' rest room located on the second floor of said store and was in the process of returning to the main floor when she was suddenly caused to slip and fall as she stopped (*sic*) on and in a heavy and

excessive accumulation of oils and greases which defendant had carelessly and negligently allowed to accumulate over a long period of time, and at a point approximately twelve feet from the said ladies rest room where the hall makes a turn to the right. The hall at this point was not well lighted and the floors were dark."

As a result of defendant's motion, plaintiff was directed to make her petition more definite and certain by alleging "the source and/or purpose of such oils and greases alleged to have been present on said floor."

Pursuant to this ruling plaintiff filed an amended petition which alleged that she, a customer and business invitee in defendant's store—

". . . had been to the ladie's (*sic*) rest room located on the second floor of said store and was in this process of returning to the main floor when she was suddenly caused to slip and fall as she stepped on and in a heavy and excessive accumulation of oils and greases which defendant had carelessly and negligently allowed to accumulate over a long period of time, and at a point approximately twelve feet from the said ladies rest room where the hall makes a turn to the right. Plaintiff is of the opinion the oils and greases were the type defendant used to clean its floors, however, following her fall, plaintiff further observed water on the floor at the point where she fell, but is unaware as to its origan (*sic*). The hall at this point was not well lighted and the floors were dark."

The answer denied negligence on the part of defendant and alleged that if plaintiff was injured it was the result of her contributory negligence, or else was the result of an accident for which defendant was in no way liable.

The reply denied those allegations of the answer which were inconsistent with the amended petition.

With the issues thus joined the parties proceeded to trial with the result as heretofore stated.

In view of the one and only question involved on appeal, very little of the testimony is abstracted.

On direct examination plaintiff testified that she was 70 years old. On the day in question, after doing some shopping in defendant's store, she went upstairs to the ladies' rest room. She did not remember whether there was water standing on the floor of the rest room, but the floor was wet around the stool. After she left the rest room she came down a short hall and turned to the right. At that point her right foot hit a slick spot and she fell on her knee and hip. The manager of the store came up and asked her about her shoes. They had leather heels. She then noticed wax on the heel that had

slipped out from under her and a skid mark through the wax on the floor caused by her heel. She identified the spot where she fell as being "right at the corner"—which was some ten or twelve feet down the hall from the rest room. The following is from her cross-examination:

"Q. In your testimony you mentioned that the floor was wet around the stool in the bathroom?
"A. Yes, sir.
"Q. You didn't see any water or wet floor any place else did you?
"A. No. Just around the stool.
"Q. In the bathroom?
"A. Yes.
"Q. But not after you left the bathroom?
"A. Oh, no.
"Q. That floor was dry wasn't it?
"A. Yes."

The doctor who treated her testified on cross-examination that there were no symptoms with respect to her ankle different from what normally would be expected from "turning an ankle."

In behalf of defendant, its cashier testified that he assisted plaintiff to her feet; that the manager had remarked "there was nothing there to slip on," and that plaintiff replied that "she must have turned her ankle and that she had done it before." He further testified that he examined the floor and that it was free from wax, grease, oily substance, cracks or protruding nails that might have caused a person to fall, and that there were no skid marks on the floor.

The then manager of defendant store testified that he "had heard a disturbance in the hall." When he first saw plaintiff she was rising to her feet. He mentioned to her that he found nothing on the floor to indicate it was slippery, and she replied something to the effect that "she had ankle trouble" and must have slipped. He saw no mark where her heel allegedly had slipped across wax or grease.

It is not contended that the jury was not fully and properly instructed. In connection with the sole questions involved in this appeal two instructions become material. They read:

"1. This is a civil action in which plaintiff alleges that on April 11, 1955, at about 12:15 p. m. she was a customer in defendant's retail store in Pittsburg; that she had been to the ladies' rest room, located on the second floor of the store and was in the process of returning to the main floor when she was suddenly caused to slip and fall as she stepped on and in a heavy accumula-

tion of oils and greases which defendant had carelessly and negligently allowed to accumulate on the floor at a point approximately 12 feet from the rest room. Plaintiff is of the opinion the oils and greases were of the type defendant used to clean the floors, and following her fall plaintiff observed water on the floor at the point where she fell but is unaware as to its origin. At this point the hall was not well lighted and the floors were dark.

"3. You are instructed that if you find plaintiff was an invitee in defendant's retail store, and the defendant was negligent, as defined herein, in some particular alleged by plaintif (*sic*), towit: in allowing a heavy and excessive accumulation of oils and greases of a type used to clean floors at a point near the rest room; in allowing water on the floor; in that the floor was dark and hall not well lighted; and that one or more of the alleged acts was the proximate cause of the injury, and if you do not find for defendant on the other issues herein, your verdict should be for the plaintiff."

As before related, the jury returned a general verdict for plaintiff and, in addition, made special findings as follow:

"Question No. 1: Do you find that the defendant was negligent as defined by the court in any of the particulars alleged by the plaintiff?

"Answer: Yes.

"Question No. 2: If you answer Question No. 1 'Yes,' set out the negligence or negligent conduct.

"Answer: Plaintiff's shoes wet from water on rest-room floor, causing plaintiff to slip and fall.

"Question No. 3: Do you find the plaintiff guilty of negligence which caused or contributed to her injury?

"Answer: No.

"Question No. 4: If you answer Question No. 3 'yes,' set out the negligence or negligent conduct?

"Answer:

"Question No. 5: If you answer Question No. 2 'yes,' do you find that the negligence or negligent condition ought to have been discovered by the defendant by the exercise of reasonable care?

"Answer: Yes.

"Question No. 6: Do you find that the plaintiff's injury, if any, was the result of an 'accident' as defined in the court's instructions?

"Answer: No."

Defendant moved for judgment on the special findings, notwithstanding the general verdict, on the ground:

"That said special findings and/or answers to the special questions clearly show that said plaintiff under the pleadings herein is not entitled to have and recover judgment in her favor and against said defendant and further shows that judgment should be rendered herein in favor of the defendant and against the plaintiff."

The motion was overruled and, as stated, the correctness of such ruling is the only question for review.

In support of its position defendant's contentions may be summarized:

The only act of negligence assigned in the amended petition is that plaintiff "was suddenly caused to slip and fall as she stepped on and in a heavy and excessive accumulation of oils and greases which defendant had carelessly and negligently allowed to accumulate over a long period of time." It also alleged that at the point where plaintiff fell the hall was not well lighted and the floors were dark, and that she observed water on the floor at the point where she fell. These last-mentioned matters, however, are not assigned as acts of negligence. The only "act of negligence" found by the jury (answer No. 2, above) was that plaintiff's shoes were wet from water on the rest room floor, causing her to slip and fall. Plaintiff testified, above, that the floor was dry at the point where she fell. Therefore, by its answer (No. 2, above) it is clear the jury found that defendant was not negligent with respect to allowing an accumulation of wax, grease or oils, if any, on its floors, and although not assigned as acts of negligence in the amended petition, the jury also found that defendant was not negligent with respect to the hall lighting or the color of its floors, or with respect to allowing water to stand at the point where plaintiff fell. In other words, it is contended that under the general rule (*Haley v. Kansas City Public Ser. Co.*, 154 Kan. 477, syl. 2 and 3, 119 P. 2d 449; *Rasing v. Healzer*, 157 Kan. 516, syl. 2, 142 P. 2d 832) the jury, by its answer No. 2, exonerated defendant of each and every act of negligence alleged or implied in the amended petition, and therefore defendant is entitled to judgment on the special findings notwithstanding the general verdict.

In connection with the foregoing, it is also contended that, since by her own testimony plaintiff abandoned all grounds of negligence except that concerning wax, grease and oil—and, since in response to question No. 1, which asked if the defendant was negligent as defined by the court in any of the particulars alleged by plaintiff, the jury found in answer No. 2 an act of negligence (shoes wet from water on rest room floor, causing plaintiff to slip and fall) entirely different from any alleged or proved—the general verdict cannot stand and defendant is entitled to judgment. (*Behler v. Wichita Transportation Co.*, 136 Kan. 591, 16 P. 2d 503; *Uhl v. Phillips Petroleum Co.*, 164 Kan. 401, syl. 1, 190 P. 2d 349; *Morrison v. Hawkeye Casualty Co.*, 168 Kan. 303, 311, 212 P. 2d 633.)

Concededly, the rules of law are as contended by defendant—

but the difficulty often encountered lies in their application to the facts of a particular case. As applied to the instant case, we believe that defendant places a too narrow and technical construction on the allegations of the amended petition, the evidence and the special findings. The well-established rule is that a general verdict imports a finding upon all issues in the case not inconsistent with the special findings (*Sheeley Baking Co. v. Suddarth,* 172 Kan. 533, 538, 241 P. 2d 496), and that special findings are to be construed liberally with a view to ascertaining the intention of the jury; that special findings are to be given the meaning intended even though unskillfully expressed, and liberality of construction should be indulged in order to avoid inconsistency between the findings and the verdict and to uphold the verdict. (*Coryell v. Edens,* 158 Kan. 771, 773, 150 P. 2d 341; *Baker v. Western Cas. & Surety Co.,* 164 Kan. 376, 384, 190 P. 2d 850.) Thus construed, it is readily apparent the jury simply found that plaintiff was caused to slip and fall when her wet shoes came in contact with the wax and grease on the floor, which conclusion is in no way inconsistent with her allegations, the evidence, or the general verdict. The special findings are consistent with each other in every respect and with the general verdict. Defendant's motion for judgment notwithstanding the general verdict was properly overruled, and the judgment is affirmed.

Price, J., dissenting: I trust that I am not being too technical in feeling that this case is being decided incorrectly, but I firmly believe that it is the right of any defendant in a negligence action to be fairly apprised of the act or acts of negligence for which he is to be held accountable.

There is no dispute whatsoever as to the general rules announced in the cases cited in the opinion for the court and relied on by defendant. The parties agree as to their correctness—but differ only in their application to the facts of this case.

The amended petition alleges plaintiff was caused to slip and fall when she stepped in the oil and grease which defendant had negligently allowed to accumulate on the floor. The only act of negligence found by the jury (answer No. 2) was that her shoes were wet from water on the rest room floor, causing her to slip and fall. This was not even alleged by plaintiff as an act of negligence. It follows, therefore, that the jury acquitted defendant of the only act of negligence charged or implied, and found an act of negligence

entirely different from any alleged or proved. Such being the case, under the rules of the Haley, Rasing, Behler, Uhl and Morrison cases (cited in the opinion for the court), the general verdict is not permitted to stand and defendant is entitled to judgment on the special findings notwithstanding the general verdict.

I therefore dissent.