SARAH ELSE *et al.* v. M. M. FREEMAN *et al.*
No. 14,256.    (83 Pac. 409.)

1. PRACTICE, SUPREME COURT—*Failure to Make Special Findings—Waiver.* Where the court, in making special findings, failed to cover all the issues involved, and its attention was not called to the omission, and further findings were not requested, it was held that plaintiff had waived the right to complain.

2. FRAUD—*False Representations—Value—Matter of Opinion.* A false statement as to the value of land, made to induce an exchange for other land, was held to be an expression of opinion rather than a representation, and not actionable.

3. ——— *"Fences are Good."* A representation that "fences are good," made to induce an exchange of land, there being no evidence that this particular representation, standing alone, had any influence upon plaintiff's mind, was treated as an expression of opinion.

Error from Hamilton district court; WILLIAM EASTON HUTCHISON, judge. Opinion filed November 11, 1905. Affirmed.

*George Getty,* and *George J. Downer,* for plaintiffs in error.

*U. T. Tapscott,* and *W. R. Hopkins,* for defendants in error.

*Per Curiam:* Stephen Else owned and occupied a farm in Hamilton county, Kansas, which he exchanged with M. M. Freeman for land in Howell county, Mis-

Else v. Freeman.

souri. The trade was made by correspondence between the parties. Neither of them had seen the land traded for until after the exchange of deeds. Else executed the deed to his farm May 11, 1901. In June following he removed to his land in Missouri, but being dissatisfied therewith left immediately, and on November 12, 1901, began this suit to cancel the conveyance of his Kansas farm and to recover possession. He claimed in his petition that the conveyance was obtained by false and fraudulent representations concerning the Missouri land.

Stephen Else died on the 13th day of January, 1902, and the suit was subsequently revived in the names of Sarah Else, his widow and heir at law, and James Else, as his administrator.

The court made findings of fact and conclusions of law in which it found generally for the defendant, and specifically found that, of the numerous false representations alleged in the petition, only three were sustained, and they were not actionable. These three were the following: (1) "Fences are good; (2) place is watered by a spring, cistern, and stock pond; (3) the place is worth $2500." Each of these statements was made to induce the trade, and was false, and known to be so when made. The court also found that the second representation was not relied upon by Else, leaving plaintiffs' case resting entirely upon findings of fact Nos. 1 and 3, which were decided to be in the nature of opinions, rather than representations, and not actionable.

The court in its conclusions did not find either way as to the truth or falsity of the other representations; but by its general finding they must be held to have been against the plaintiffs.

Complaint is made of this failure of the court to cover all the representations by its special findings, but the failure of the plaintiffs to call the attention of the court to this omission and to request further findings relieves the court of criticism therefor. This

Else v. Freeman.

narrows the questions for this court to consider to whether the court erred in holding that the two false representations established were not actionable. As to the representation concerning the value of the land, as used herein, the district court is sustained by practically a unanimous line of authorities. As to the statement "fences are good," we have not been favored by either party with a single case directly in point, and none that is closely analogous, and we have been unable after a limited search to find any. We find, however, that the meaning of the word "good" depends almost entirely upon its associations with other words and relation to the subject-matter about which it is used.

Fences vary so much in kind and condition, and what constitutes a good fence in the estimation of people depends so much upon the neighborhood where it is located and the material of which it is constructed, that to us the expression "good fence" conveys an idea so vague and uncertain that it seems more appropriate to classify it with opinions than representations. No intimation is given as to the kind of fence, nor quantity; some of the fences were concededly good, and it was not pretended that all of the fences were of that quality. Therefore, in the absence of authority, we are inclined to agree with the district court. Besides, this representation was a minor one among many others contained in the same statement, and it does not appear that any or all of them were relied upon by Stephen Else, or that the trade would not have been made anyhow. Without some evidence that this particular representation, standing alone, had some influence upon his mind, the ruling of the trial court must be sustained; and, this being the only representation left to be considered, no reason for reversal appears.

The judgment is affirmed.

MASON, J., not sitting.