No. 26,343.

PAUL W. PIERCE, *Appellee*, v. THE LIBERTY LIFE INSURANCE COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. INSURANCE—*Recovery of Premium Paid—Policy Not Conforming to Application.* The insured in a life insurance policy may, within a reasonable time after receiving the policy, return it to the insurer and recover the premium paid where the policy does not comply with the representations made by the insurer's agent at the time the application for the insurance was given.

2. SAME—*Recovery of Premium Paid—Authority of Agent to Collect—Pleadings.* In an action for the recovery of the first premium paid on a life insurance policy, allegations in the petition that the agent of the company solicited insurance, took an application therefor, and received the first premium, and that subsequently the insurer delivered a policy of insurance to the insured are, as against a demurrer, sufficient allegations of authority in the agent to collect the premium.

3. SAME—*Policy Not Conforming to Application—Waiver.* Paying a note given to a bank to secure the money with which to pay the first premium on such a policy does not waive the effect of the representations.

Appeal from Greeley district court; ROSCOE H. WILSON, judge. Opinion filed January 9, 1926. Affirmed.

*Stephen H. Allen, Otis S. Allen* and *George S. Allen,* all of Topeka, for the appellant.

*W. M. Glenn,* of Tribune, for the appellee.

Insurance, 32 C. J. pp. 1139 n. 89, 1236 n. 68, 1238 n. 14; 41 L. R. A. n. s. 1131; 14 R. C. L. 960.

Pierce v. Liberty Life Ins. Co.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover $161.85, the first year's premium on a $5,000 life insurance policy issued by the defendant to the plaintiff. Judgment was rendered in favor of the plaintiff on the demurrer of the defendant, and from that judgment the defendant appeals.

The only question argued is: Did the first cause of action set out in the petition allege facts sufficient to entitle the plaintiff to the relief asked? There was a second cause of action in the petition, but that cause of action is not now involved in this appeal. We quote from the petition as follows:

"In the month of November, 1922, one Chas. T. Haste was an agent for the defendant to solicit insurance applications in Greeley county, and at that time as such agent he solicited this plaintiff to make an application for insurance to the defendant company, and in pursuit of his business as an insurance agent for the defendant he made numerous representations of the advantages to the holder of a policy of insurance in the defendant company. Some of such statements, made by him to induce this plaintiff to make an application for insurance to the defendant company, were:  1. That every year the insurance premium would be several dollars less than the year before, and that while it was a twenty-payment policy it would be entirely paid out, from the reduction of the premium, the dividends on the stock and on the policy, within eight years from the date of the policy; 2, that the company was just getting started, and to scatter the stock as widely as possible the company would issue and deliver to plaintiff five shares of stock with each policy of $5,000 of the par value of $10 per share, but of the actual value of $50 per share, and that the plaintiff would not have to pay anything for said shares of stock, which would be delivered to him when he had paid out on his insurance policy; 3, That dividends would accrue on the insurance policy as well as on the stock, and that in five to eight years the insurance policy would be entirely paid out, and then the plaintiff would be paid cash dividends on the policy and the stock every year thereafter.

"This plaintiff, relying on the statements and the representations of the said Haste, as the agent of the defendant insurance company, signed an application prepared by the said Haste on the regular printed forms of applications of the defendant insurance company, for $5,000 insurance, and at the same time the plaintiff executed and delivered to the said Haste in full payment of the first premium on said insurance policy his promissory note for $161.85, payable in six months to the First National Bank of Tribune. Within a few days thereafter this plaintiff received his policy of insurance from the defendant company for $5,000, and on reading it and studying its provisions carefully the plaintiff saw that it was not the kind of a policy and did not contain the provisions that the said Haste represented would be in it, and the plaintiff learned that the statements and representations made by the said Haste, as recited

heretofore in this petition, were false and fraudulent. Thereupon the plaintiff returned the said policy of insurance to the defendant company by mail within three or four days after receiving it, telling the defendant company that the policy was not as represented it would be, and that he would not accept it, and demanded the return and cancellation of his said promissory note."

1. One contention of the defendant is that the representations made were not such as constituted a fraud on the plaintiff even if they were false. The petition alleged that there were representations concerning the amount of premiums to be paid on the policy; that when the policy was received, the plaintiff learned that it did not conform to the representations that had been made to him; and that the policy was in a few days returned to the defendant, and the return and cancellation of the note given for the first premium was demanded. The petition discloses that the defendant did not have the note and could not return it. Because the policy did not conform to the representations made when the application therefor was signed, the plaintiff had the right to return the policy and receive what he had given for it. It does not matter whether the representations were fraudulently made or not.

The defendant says: "Assuming that there was fraud in this transaction, the question arises, out of what was plaintiff defrauded?" The plaintiff gave to the defendant the proceeds arising from the note, and the defendant received those proceeds.

In *Evans v. Insurance Co.*, 87 Kan. 641, 125 Pac. 86, the court said:

"One who signs an application for life insurance without reading it, upon the assurance of the soliciting agent that it conforms to representations orally made, and that such signing is customary but not necessary, may refuse to accept a policy tendered him, on the ground that it does not meet such representations, notwithstanding the application contains a provision that no statement made by the solicitor would affect the rights of the company unless embodied in the written application.

"Where such applicant has been compelled to pay to an innocent holder a negotiable premium note given at the time of such application, he may recover from the company the amount so paid." (Syl. ¶¶ 1, 2.)

In a note to that case found in 41 L. R. A., n. s., 1131, the following language is used:

"As a general rule—as to which, however, as is subsequently shown, there is some conflict—it may be stated that an applicant for life insurance has a right to reject or rescind, within a reasonable time, a policy which is at variance with material oral representations falsely made by the insurer's agent."

Pierce v. Liberty Life Ins. Co.

32 C. J. 1236 states that—

"If a policy does not conform to the application or the preliminary agreement for insurance, and the applicant refuses to accept it or repudiates and offers to return it within a reasonable time after its receipt, he is entitled to recover back any premiums paid, provided that the policy applied for would have been legal if issued, and that insured was not guilty of negligence in failing to discover, within a reasonable time after receiving the policy, the variance between it and the application or agreement."

2. The defendant argues that the petition did not allege that Haste had authority to collect premiums. It was alleged that Haste was the agent of the defendant to solicit insurance; that he solicited the plaintiff for the insurance; that the application therefor was signed by the plaintiff; that the note payable to the First National Bank of Tribune was delivered to Haste; and that the policy was issued and delivered. Against a demurrer that was a sufficient allegation of Haste's authority to collect the first premium.

3. The defendant argues that the plaintiff waived the fraud, if there was any, by voluntarily paying the note. It had been given to the bank which had advanced the money on it. There was no defense to the note in the hands of the bank. The plaintiff's payment of the note did not waive his right to recover the premium that had been paid.

The judgment is affirmed.