No. 26,875.

E. D. BERRIDGE, *Appellee,* v. KATIE O'FLANAGAN, *Appellant.*

SYLLABUS BY THE COURT.

MORTGAGES—*Foreclosure*—*Pleading Defenses.* In an action upon notes and to foreclose mortgages given to secure them, an answer is examined and held not to state a defense.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed December 11, 1926. Affirmed.

*J. M. Stark,* of Topeka, for the appellant.

*A. E. Crane, B. F. Messick* and *A. H. Crane,* all of Topeka, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action to foreclose two real estate mortgages. The trial court sustained plaintiff's motion for judgment in his favor upon the pleadings. The defendant has appealed. The facts giving rise to the controversy are substantially as follows:

On April 1, 1920, defendant executed a note to the Central Trust Company for $3,500, with interest coupons attached, and a mortgage securing the same, on certain real property in Shawnee county. On April 2, 1920, she executed a note for $2,500 to the Central Trust Company, secured by a second mortgage, upon the same property. On May 3, 1920, the Central Trust Company assigned both mortgages to J. E. Fields and indorsed both notes and the interest coupons attached without recourse. On May 4, 1920, J. E. Fields assigned both mortgages and transferred them, together with the notes and coupons, to the plaintiff, E. D. Berridge, who resides at Leola, S. D. In March, 1924, he filed an action to foreclose the mortgages. The original mortgages, notes and coupons, and assignments were attached as exhibits to the petition.

The verified answer denied that plaintiff owned the notes and

---

Exchange of Property, 23 C. J. p. 199, n. 60. Fraud, 26 C. J. pp. 1215 n. 84, 1216 n. 85, 1217 n. 99, 1218 n. 3. Mortgages, 41 C. J. pp. 434 n. 41, 435 n. 44.

Berridge v. O'Flanagan.

mortgages, and specifically denied that J. E. Fields made and exe-
cuted to plaintiff an assignment in writing. Plaintiff moved for
judgment on the pleadings. Pending the hearing of that motion de-
fendant moved that F. G. Berridge be made a party defendant, and
that she be given leave to file an amended answer setting up the
ownership of the notes and mortgages in F. G. Berridge, and her
grounds of defense as against him. The court did not order F. G.
Berridge made a party defendant, but he appeared voluntarily and
filed a disclaimer of any title or interest in the notes or mortgages
sued upon. Defendant filed, by leave of court, a second amended
answer in which she denies plaintiff's ownership of the notes, and
specifically that J. E. Fields ever assigned them to plaintiff in writ-
ing, but alleges the facts to be, first, that J. E. Fields sold the notes
and mortgages to F. G. Berridge, a brother to plaintiff, the assign-
ment of the mortgages being executed by Fields in blank as to the
assignee; second, that F. G. Berridge had been sued by his wife for
a divorce; that to keep property out of his name, for the purpose of
defrauding his wife, F. G. Berridge filled in the name of plaintiff in
the assignment from Fields; that in fact F. G. Berridge was the real
owner of the notes. Third, that the notes and mortgages were exe-
cuted because of the fraud of J. E. Fields, who in exchange of lands
with defendant had falsely represented that the land conveyed to
defendant in such trade was worth $200 an acre when in fact it was
worth only $100 per acre, and alleged that F. G. Berridge at the
time he purchased the notes and mortgages knew this defendant had
been defrauded in the execution of such notes, "or in the exercise of
reasonable diligence by way of inquiry into said matter would have
known," and that F. G. Berridge purchased the notes from Fields
for several hundred dollars less than their face. The court con-
sidered this amended answer in passing upon the motion for judg-
ment for plaintiff on the pleadings.

The sole question before us is whether this answer states a defense.
It seems clear that it does not, for several reasons: First, there is
no denial that plaintiff executed the notes and mortgages, nor that
she received the amount of money represented by them from the
Central Trust Company. There is no allegation of fraud on the
part of the Central Trust Company or by any one in its behalf or
representing it. Second, the allegations of the fraud of J. E. Fields
are insufficient as a defense, for the reasons, (a) there is no allegation

that Fields represented the Central Trust Company or had anything to do with the execution of the notes and mortgages, and (*b*) statements as to the value of real estate by agents endeavoring to sell or exchange the same are ordinarily regarded as expressions of opinion, and not representations of fact which will justify an action either for rescission or for deceit. (*Subke v. Gonder,* 97 Kan. 414, 155 Pac. 793; *Else v. Freeman,* 72 Kan. 666, 83 Pac. 409; 23 C. J. 199; 26 C. J. 1215.) There are circumstances in which an expression of opinion is a representation of fact (*Williams v. State,* 77 Ohio St. 468; *Shriver v. National Bank et al.,* 117 Kan. 638, 232 Pac. 1062), but the facts alleged in the answer in this case are not sufficient to justify the application of these authorities. Third, if there were actionable fraud, there is no sufficient allegation of F. G. Berridge's knowledge thereof, or the lack of good faith of his purchase, to justify characterizing him as not being a holder in due course; and, fourth, there is no attempted rescission, nor reasons alleged which would make rescission unnecessary.

The real contention of defendant is that she was damaged in a land trade by the fraud of a person who had nothing to do with the execution of the notes and mortgages sued upon and who is not a party to this action. Obviously such a contention is not a defense.

The judgment of the court below is affirmed.