No. 27,181.

THE FEDERAL AGENCY INVESTMENT COMPANY, *Appellee*, v. GLEN HOLM, *Appellant*.

SYLLABUS BY THE COURT.

1. BILLS AND NOTES—*Defenses—False Representation as to Insurance Policy—Judgment on Opening Statement*. In an action to recover on a promissory note given in payment of the premium for a life insurance policy, where the defense was that the note had been procured through false and fraudulent representations, the proceedings considered and held not error to render judgment for plaintiff on defendant's opening statement.

2. FRAUD—*False Representations—Statements as to Matter in Future*. Rule followed that fraudulent representations to constitute fraud must relate to some material, past or existing fact.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. MC-CAMISH, judge. Opinion filed March 12, 1927. Affirmed.

*A. J. Herrod,* of Kansas City, for the appellant.

*Thomas E. Joyce,* of Kansas City, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover on a promissory note given in payment of a policy of insurance in the Federal Reserve Life Insurance Company. The defense was that the note was procured through false and fraudulent representations. Judgment was for plaintiff on defendant's opening statement and defendant appeals.

The plaintiff alleged substantially that it was engaged in the business of soliciting life insurance on the lives of individuals as the general agent for the Federal Reserve Life Insurance Company; that about December 7, 1923, it solicited and sold certain policies of insurance to defendant on the lives of defendant, his wife and children, for which the defendant agreed to pay the first annual premium by execution of his certain "myself" promissory note, bearing interest at 8 per cent per annum; that plaintiff was the owner and holder of the note and had made demand for payment, which was refused. It prayed judgment for the amount due. A copy of the note was attached to the petition. Defendant alleged

substantially that at the time the note was signed the life insurance company and the plaintiff solicited the defendant to make application for life insurance upon his life on the ordinary life plan; also on the graded benefit plan, and on the life of his wife, and at said time induced the defendant and his wife to enter into a stock purchase contract between D. H. Holt, as trustee, and defendant and his wife, by the terms of which the defendant and his wife were to be sold ten shares of the capital stock of the Federal Reserve Life Insurance Company at and for the price of $35 per share, the par value of which was $10 per share; that defendant and his wife relying upon the representations and statements that if he and his wife made application for said life insurance in the Federal Reserve Life Insurance Company, they would receive ten shares of the capital stock of the life insurance company, and the same would be paid for within five years by dividends arising from the $10,000 of insurance so applied for, and that the shares of stock were of the value of $200 per share; and that within one year after the date of said application and said purchase contract, if plaintiff was not satisfied, he could go to a bank in Kansas City, Kan., which would pay him $200 per share for such stock, and also informed defendant and his wife that the policies of insurance so issued would provide for the payment of $5,000 each if death occurred at any time after the issuance thereof; that defendant and his wife, relying on said representations, signed the application for said life insurance in the sum of $10,000 and executed the note sued on; that the representations and inducements were false, fraudulent and untrue, and known by all of said parties except defendant and his wife to be false, fraudulent and untrue, and were made willfully and knowingly for the purpose of inducing and enticing defendant and his wife to make the applications and to sign the purchase contracts and note; that prior to the commencement of this action and within a short time after the signing of the note, application and purchase contract, and as soon as he learned that the statements were false, fraudulent and untrue, he notified the plaintiff and the Federal Reserve Life Insurance Company to cancel the purchase contract and applications for life insurance; that the policies were never delivered to him or his wife, and defendant now offers to have said policies and purchase contract canceled, and demands the return of said note, or that the same be ordered canceled by the court. The plaintiff replied that defendant is estopped to assert fraud and misrepresenta-

tion by this plaintiff or any of its agents, if any existed, for the reason that the defendants signed policy receipts for the policies of insurance, copies of which were attached to the reply, certifying among other things that the defendant had examined the policies of insurance and found them to be as represented, and that the policies were satisfactory and were accepted and that the note given in settlement of the premium would be paid at maturity, and also by retaining the policies of insurance mentioned and obtaining the benefits thereunder and by not notifying this plaintiff within a reasonable time of the existence of fraud and misrepresentation, if any existed. Plaintiff states that it acted and relied on the statements and facts set out in the application referred to and on the policy receipts and notes, and on the fact that the defendant did not notify this plaintiff of any fraud and misrepresentation if any existed. The attached receipts read:

"JAN. 21, 1924.

"Received of The Federal Reserve Life Insurance Company policy No. 5398 issued on the Whole Life Return Premium Plan (graded death benefit; maximum amount, $5,000), which I have carefully examined and find to be as represented; said policy is satisfactory and is accepted, and my note given in settlement of premium will be paid at maturity.     BELLE E. HOLM,
Witness: WM. SIMPSON.                              By, GLENN H. HOLM."

"JAN. 21, 1924.

"Received of The Federal Reserve Life Insurance Company policy No. 5375, issued on the Whole Life Return Premium Plan (graded death benefit; maximum amount $5,000), which I have carefully examined and find to be as represented; said policy is satisfactory and is accepted, and my note given in settlement of premium will be paid at maturity.     GLENN H. HOLM."
Witness: WM. SIMPSON.

"JAN. 21, 1924.

"Received The Federal Reserve life Insurance Company policy No. 5373, issued on the Whole Life Return Premium plan (graded death benefit; maximum amount $5,000), which I have carefully examined and find to be as represented; said policy is satisfactory and is accepted, and my note given in settlement of premium will be paid at maturity.     IRENE HOLM."
Witness: WM. SIMPSON.

On the trial a stipulation was entered into that:

"The plaintiff and defendant both here agree that all evidence produced so far may be withdrawn and the plaintiff here moves for judgment on the pleadings and opening statements. Both parties here agree that in the event that the court sustain said motion the defendant will pay the amount sued for after a final determination. In event the court overrules the motion, the plaintiff will dismiss the case with prejudice."

Defendant's opening statement was similar to his answer above quoted, also that the evidence would show further that plaintiff represented that he could go to a bank in Kansas City, Kan., and get $200 a share for the stock; that this was not correct; that no such arrangement existed, and that the bank would not pay $200 a share for any of the stock; that planitiff's agents represented that if defendant died within the first year his wife would receive $5,000; that this was not correct; that the policy which was issued would pay in the event of his death during the first year only one thousand dollars; that the evidence would show that the representations that stock in the Federal Reserve Life Insurance Company could only be purchased by persons who would take out insurance and that the policies would pay for the stock, or rather the dividends or earnings created and credited to the policies and policyholder as dividends on the policy belonging to him would pay for this stock within five years, was not correct and was physically impossible; that after defendant received the policies of insurance, which was in January, 1924, he read them and discovered for the first time that he was only getting $1,000 worth of life insurance if he happened to die during the first year; then he discovered upon making further inquiries, that all of these other representations that were mentioned were not correct; that he then got in touch with the plaintiff, The Federal Reserve Life Insurance Company, and told them to cancel these policies and asked for a return of the note, and they refused to return the note and informed him at that time that he would have it to pay. He admitted that he still had possession of the policies.

The defendant contends that the representation that the policy would provide for his beneficiary receiving $5,000 in the event of his death during the first policy year, if false, was sufficient to avoid the note. His answer, however, contained this allegation:

"And at said time and date, induced the defendant to sign an application by which he was to agree to have issued upon his life . . . insurance upon the *graded benefit plan* in the sum of $5,000 and upon the life of his wife in the sum of $5,000."

The graded death benefit plan provides that the full amount of insurance is not to be paid if death occurs during the first year. The policy receipts signed by the defendant show that the death benefit was to be graded and that the defendant had carefully examined and found them to be as represented. Since he signed such receipts at the time the policies were delivered in January, 1924,

and still retained the policies at the time of trial (May, 1926), he is hardly in position to say that he did not understand they were on the graded benefit plan. It may be noted also that his receipts and admissions in his opening statement are in direct conflict with the allegation of his answer that the policies were never delivered to him or his wife. Having signed receipts stating that he had examined the policies and found them as represented, and having retained them for more than two years, he is precluded from asserting now that they were invalid and thereby avoiding payment of his note given in consideration therefor. (See *Northwestern Nat'l Life Ins. Co. v. Evans,* 214 S. W. 598.)

The defendant contends that the representation that the shares of stock would be paid for within five years from dividends accruing from the policies was a representation which, if false, constituted fraud. We are of the opinion that such representation was not one of past or existing facts. False representations, in order to be fraudulent, must relate to a present or past state of facts. No action will lie to recover damages as for deceit in the failure to perform a promise looking to the future. (*Kiser v. Richardson,* 91 Kan. 812, 139 Pac. 373; 12 R. C. L. 252.)

"To constitute a representation, as that term is understood in the law relating to fraud, there must be a statement or representation as to a fact, and it must also be as to a past or existing fact." (14 A. and E. Encyc. of L., 33.)

"Statements . . . made for the purpose of inducing another to buy, or to invest money, may be and generally are merely expressions of opinion, and if so intended and understood, they will not constitute fraud, in the absence of misrepresentation of material extrinsic facts, or concealment of facts." (14 A. and E. Encyc. of L., 41.)

"It is a general rule that false representations, to constitute fraud, must relate to some material past or existing fact. It has frequently been held, therefore, that a charge of fraud cannot be predicated upon a mere promise, nor upon the mere statement of intention not amounting to a general promise either for the purpose of maintaining an action of deceit or for the purpose of avoiding a contract." (14 A. and E. Encyc. of L., 47.)

The defendant contends that the representation that the stock was of the value of $200 per share, if false, was misrepresentation constituting fraud. The note on which the action was founded was given for the first annual premium on the policies of insurance issued upon the lives of defendant and his family. The stock in the insurance company was to be paid for by dividends arising from such policies. Defendant, under the contract, was not to be the owner of

Federal Agency Investment Co. v. Holm.

the shares of stock until paid for by the dividends, which was to be at some future time. The alleged statements were matters of pure conjecture. Statements of value are ordinarily construed to be statements of opinion and generally are not actionable. (See *Else v. Freeman,* 72 Kan. 666, 83 Pac. 409.)

"A statement by the promoter of a corporation that stockholders would receive from ten to twenty-five per cent on their money paid for stock, is an expression of an opinion, and the fact that the corporation became insolvent and ceased to do business six months later, does not invalidate a note given in payment for stock." (*Swan v. Mathre,* 103 Ia. 261.)

"The representations of a soliciting agent with regard to the ultimate value of railroad stock, is mere matter of opinion, upon which the subscriber has no right to rely." (*Vawter v. The Ohio and Miss. Ry. Co.,* 14 Ind. 174.)

"The representation, to be material, must be in respect to ascertainable facts as distinguished from mere matters of opinion or speculation. A representation which merely amounts to a statement of opinion, judgment, probability, or expectation, or is vague and indefinite in its nature and terms, or is merely a loose conjectural or exaggerated statement, goes for naught, though it may not be true; for a party is not justified in placing reliance on such statement or representation. Such an indefinite or speculative representation should put the person to whom it is made upon inquiry; and if he chooses to put faith in such a statement and abstains from inquiry, he can have no ground of complaint. A representation that the stock of a corporation would pay twenty per cent dividends, furnishes no ground for an action for misrepresentation and deceit." (*Robertson v. Parks et al.,* 76 Md. 118.) (See, also, *Lake v. Security Loan Association,* 72 Ala. 207; *Columbia Electric Co. v. Dixon,* 46 Minn. 463; *Warner v. Benjamin,* 89 Wis. 290.)

Defendant's contention relative to the stock cannot be regarded as serious because it appears that the stock was not part of the consideration for the note sued upon.

The defendant relies on *Pierce v. Liberty Life Ins. Co.,* 120 Kan. 86, 89, 242 Pac. 133, and other similar cases. The instant case is to be distinguished from the Pierce case because there the policy was returned to the insurance company a few days after its issuance. Here defendant alleged the policies had never been delivered, but admitted on the trial more than two years thereafter that he still retained them.

Various other contentions have been considered, but none in our opinion are sufficient to warrant a reversal.

The judgment is affirmed.