No. 35,818

THE OLSBURG STATE BANK, *Appellant*, v. OSCAR ANDERSON, *Appellee*.

(142 P. 2d 712)

Opinion filed November 6, 1943.

E. C. *Brookens, John W. Brookens,* both of Westmoreland, *Charles Hughes* and *C. Harold Hughes,* both of Manhattan, were on the briefs for the appellant.

B. C. *Pickering,* of Wamego, was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This action on a promissory note was filed April 6, 1940. The note, executed by defendant Anderson, was for $1,000 payable to the plaintiff bank, dated December 4, 1939, and due March 4, 1940. The defense was lack of consideration and procurement of the note by fraud, the substance of the allegations of the answer with respect to the fraud being that defendant was induced to sign the note by representations the proceeds thereof would be used to bring in necessary drilling tools and equipment for the express purpose of drilling an oil and/or gas well, or wells, on land owned by defendant and others, which representations were known to be false and untrue at the time by the individuals making them. A reply denying the allegations of the answer was filed by the plaintiff.

On these issues the case came on for trial to a jury. The plaintiff, without objection, proved the execution and delivery of the note, offered it in evidence, and rested its case. The defendant then produced evidence in support of the allegations contained in his answer to which the plaintiff demurred on the ground such evidence did not prove or establish facts sufficient to constitute a defense to plaintiff's cause of action. This demurrer was overruled by the trial court. The case was then submitted to the jury on the evidence together with instructions and eight special questions. In due time the jury returned a verdict in favor of the defendant and its answers to the special questions.

Plaintiff then filed the following motion:

"Comes now the plaintiff and moves the court to set aside the answers to special questions Nos. 7 and 8 returned in this action on the 21st day of September, 1942, for the reason that said answers to said special questions which were submitted herein are not supported by the evidence and are contrary to the evidence; and further moves the Court that upon the setting aside of the answers to said special questions Nos. 7 and 8 to set aside the general verdict for the reason that it is not supported by the evidence and is contrary to the evidence, and to render judgment for plaintiff against the defendant upon the answers to the special questions Nos. 1 to 6 inclusive."

This motion and, also, a motion for new trial were overruled by the trial court and judgment was rendered in favor of defendant for his costs, from which judgment the plaintiff appeals. The notice of appeal and appellant's specification of errors each refer to the questions raised by the foregoing motion and the ruling of

the trial court thereon is properly submitted for appellate review. Other questions are raised by appellant in his specification of errors but in view of the conclusion we have reached we prefer to go directly to a consideration of the ruling of the trial court on the special findings.

At the outset it should be stated this is the second occasion on which this case has been before this court. In *Olsburg State Bank v. Anderson,* 154 Kan. 511, 119 P. 2d 515, we held the trial court erred in sustaining a demurrer to defendant's evidence, a summary of which evidence was contained in that opinion, and embraced a clear and concise statement of the facts. We have carefully compared that summary with the facts as disclosed by the record in the instant case and find no substantial material variation in the testimony. If anything, the facts therein stated are more favorable to the defendant's contentions than the evidence abstracted in the instant record. We therefore, by reference, adopt the summary of the evidence contained in the former opinion as a statement of the evidence in this case and the only evidence, or lack of evidence, we shall review in this opinion is that specifically pertaining to the special findings hereinafter set forth *in toto.*

It should also be noted the first appeal involved solely the ruling of the trial court ·in sustaining the plaintiff's demurrer to the defendant's evidence. In disposing of that question, at page 516 of that opinion, we said:

"We think there is room here for a jury to say that when it was represented to defendant that the proceeds of this note were to be used to bring in an oil rig within a few days, those making the representations had no hope or intention of using the money for that purpose; and certain it is that they did not so use it. The jury should have been permitted to pass upon the question."

Subsequent to the rendition of the decision just referred to, the case which we now have under consideration came on for retrial in the district court and that court, when the plaintiff again demurred to the defendant's evidence, quite properly overruled such demurrer and gave the jury an opportunity to pass upon the question referred to in the preceding quoted portion of the opinion in the first appeal. What resulted from that opportunity? The trial court, with its instructions, submitted eight special questions, which were answered and returned by the jury along with its general verdict. Those special questions and the answers thereto were:

"1. Did the defendant, Oscar Anderson, execute the note sued on in this action? A. Yes.

"2. If you answer question number one in the affirmative, then state whether or not the defendant, Oscar Anderson, was given credit for the amount represented by said note on his checking account in plaintiff bank? A. Yes.

"3. If you answer question number one in the affirmative, then state whether or not plaintiff is the owner and holder of said note? A. Yes.

"4. If you answer question number one in the affirmative, then state whether or not said note is past due and unpaid? A. Yes.

"5. If you find the defendant, Oscar Anderson, was given credit on his checking account at plaintiff bank for the amount represented by said note, then state whether or not he, Oscar Anderson, drew a check on said account dated December 4, 1939, and payable to the order of C. E. Olson? A. Yes.

"6. Was said check thereafter endorsed by said C. E. Olson and paid by plaintiff bank? A. Yes.

"7. Did D. W. Johnson, Sr., or D. W. Johnson, Jr., at the time of the execution of the note sued on herein have any personal knowledge of any false and fraudulent statements made to the defendant, Oscar Anderson, which induced him to execute the note sued on herein? A. Yes.

"8. If you answer question number seven in the affirmative then you will please state:

"(a) To whom was such statement made? A. Oscar Anderson.

"(b) When was it made? A. On or about December 4, 1939.

"(c) Where was it made? A. At the Anderson home.

"(d) By whom was it made: A. C. E. Olson or L. E. Olson.

"(e) State the substance of what was said: A. Said note was to be used as collateral to bring in drilling equipment."

Does an examination of these answers disclose, either directly or by inference, a finding by the jury that when it was represented to defendant the proceeds of his note were to be used to bring in an oil rig within a few days, those making the representations had no hope or intention of using the money for that purpose? For that matter do they disclose that it was ever represented to defendant that the proceeds of the note were to be used for that purpose, irrespective of any hope or intention? A negative answer to these questions is so apparent as to require no further comment.

It is not for us to question the reasons which induced the jury to refrain from making such a finding. Were we to digress for the moment and invade the province of its duties we might conclude, as it may have concluded that: the inconsistent statements of the maker of the note with reference to the representations which he claimed induced him to sign it; the fact that after the expiration of the eight days in which the said tools were to be moved upon his place he continued to give the Olsons checks and notes from time to time, over a period extending from shortly after the date of the execution of the note sued on until at least a year after such date

and perhaps up to the very date upon which he was testifying as a witness, in divers amounts totalling more than $6,000 for the very purpose which he contended was the inducement for his execution of the note in question; the fact he admitted tools were brought upon his farm within a few months from the date of the execution of the note and that a well had been started and was being put down by the Olsons, although not completed, on the date of his testimony; and the circumstance he not only leased but re-leased his land to the Olsons after the date of the execution of such note—all contributed to the conclusion the charge of false representations as to the bringing in of tools and equipment within a few days as made in defendant's answer and as supported by his testimony was not true, or at least such evidence was so uncertain as to preclude a finding to that effect. Be that as it may, we must accept the jury's failure to find those representations were made as a finding that no such statements were made to the defendant as an inducement to the execution of the note sued on.

The rule is that where fraudulent representations are relied upon as a defense a finding by a jury as to a specific fraudulent representation has the legal effect of acquitting the person alleged to have made them of any others with which he has been charged. In Stock v. Scott, 132 Kan. 300, 295 Pac. 638, this court held:

"Where a recovery is sought on account of many false and fraudulent representations alleged to have been made by the defendant and, in connection with a verdict for the plaintiff and against the defendant, the jury returns an answer to a special question designating three representations as to the ones on which the verdict is based, such finding in effect acquits the defendant of every other charge of misrepresentation and eliminates them and the proof of them from the further consideration of the case." (Syl. ¶ 1.)

To the same effect are *First National Bank v. Mense,* 135 Kan. 143, 149, 10 P. 2d 19; *Smith v. Quivira Land Co.,* 153 Kan. 794, 803, 113 P. 2d 1077 and *Strimple v. O. K. Warehouse Co.,* 151 Kan. 98, 106, 98 P. 2d 162. *Stock v. Scott,* supra, is also cited and the rule announced therein approved in the following cases: *Brim v. Atchison, T. & S. F. Rly. Co.,* 136 Kan. 159, 12 P. 2d 715; *Cole v. Cook,* 137 Kan. 250, 20 P. 2d 483 and *Walls v. Consolidated Gas Utilities Corp.,* 150 Kan. 919, 96 P. 2d 656. As stated at page 303 of the opinion in *Stock v. Scott,* supra, "there is no difference between the application of the rule to many charges of false representation and many items of negligence." For recent opinions applying the rule in negligence cases see *Jilka v. National Mutual Cas. Co.,* 152 Kan.

537, 106 P. 2d 665 and *Haley v. Kansas City Public Ser. Co.,* 154 Kan. 477, 119 P. 2d 449.

We direct our attention now to the answers to questions 7 and 8 and the question of whether they should have been set aside by the trial court on the ground they were not supported by the evidence and were contrary to such evidence. A proper determination of this question requires that these findings be considered together. It is true the finding in response to question 7 was that D. W. Johnson, Sr., cashier of the appellant bank, and D. W. Johnson, Jr., assistant cashier thereof, had personal knowledge of false and fraudulent statements made to appellee Anderson at the time of the execution of the note, which statements induced him to execute such note. But what was the finding as to whom, as to when, as to where, and by whom such statements were made, and what was the finding as to what statements were made? The answer to question 8 was that C. E. Olson or L. E. Olson at the Anderson home, on or about December 4, 1939, stated to Oscar Anderson, the appellee, that said note (being the $1,000 note sued on and which was dated December 4, 1939) was to be used as collateral to bring in drilling equipment. A careful search of the record fails to disclose a syllable of evidence, either directly or by inference, sustaining the finding that on or about December 4, 1939, either C. E. Olson or L. E. Olson told appellee the note he had executed, and which was payable to the bank, was to be used as collateral to bring in drilling equipment. The plaintiff himself testified that he received a deposit slip from the bank for the amount of the note and thereafter gave C. E. Olson his check for $1,000 which he knew it was the duty of the bank to pay. Moreover, in its answer to question 2 the jury specifically found that appellee was given credit for the amount represented by the note on his checking account, in its answer to question 5 found that he drew his check on said account, dated December 4, 1939, payable to C. E. Olson, and in its answer to question 6 found such check was thereafter endorsed by the payee and paid by the bank. Thus we not only have a total lack of evidence to sustain findings 7 and 8, but also undisputed evidence, which makes such findings contrary to the evidence. In fact, irrespective of what significance you give it the answer, "said note was to be used as collateral to bring in drilling equipment" must, in the face of the uncontroverted evidence the appellee received credit on his checking account and wrote a check on that account for the full credit given on the note,

fall of its own weight. Such an answer cannot be allowed to stand and to uphold a judgment against the undisputed facts and circumstances as shown by the record. One simply cannot have his cake and eat it too. Neither can he make a note, payable to a bank, take credit for its face value in his checking account, check out the funds in that account and then be heard to say the note was to be used as collateral. Since the answer to question 7 and the answers to question 8 (a), (b), (c) and (d) all relate to and are absolutely dependent upon the answer to question 8 (e), our conclusion that such answer was not supported by the evidence and was contrary to the evidence, compels the same conclusion as to all answers herein before just referred to. It therefore follows that all that portion of appellant's motion relating to the setting aside of the answers to question 7 and 8 should be sustained. Having been so sustained, the appellant stands charged with the making of no fraudulent representations which constitute 'a defense to the note sued on, and the answers to interrogations 1 to 6, inclusive, compel the setting aside of the general verdict and the rendition of judgment in favor of appellant and against appellee upon such findings, as prayed for in appellant's motion.

The conclusion just announced is fortified by our decision in *Haley v. Kansas City Public Ser. Co.*, 154 Kan. 477, 119 P. 2d 449, wherein we held:

"In an action for damages, predicated upon negligence, a finding by the jury specifying the particular negligence with which the defendant is chargeable absolves the defendant of other acts of negligence alleged in the petition.

"Where the jury's answers to special questions in such an action (syllabus 2) above absolve the defendant of all acts of negligence alleged in the petition the defendant is entitled to judgment notwithstanding an adverse general verdict." (Syl. ¶¶ 2, 3.)

See, also, *Bass v. St. Louis-S. F. Rly. Co.*, 143 Kan. 740, 57 P. 2d 467; *Case v. Yoakum*, 99 Kan. 253, 161 Pac. 642 and *Keck v. Jones*, 97 Kan. 470, 155 Pac. 950.

By analogy, since there is no difference between the application of the rule to charges of negligence and charges of false representation, and a specific finding by the jury as to one charge of negligence or one charge of false representation has the legal effect of eliminating all other such charges, it follows that the decisions in the cases just cited, although predicated upon negligence, are authority for our conclusion that where the jury's answers to special

questions in an action where the defense to a note is false representations absolve the plaintiff of all false representations alleged in the answer, such plaintiff is entitled to judgment notwithstanding an adverse general verdict.

Our decision is further fortified by another rule of law which requires a reversal of this case. That rule is that one who pleads certain alleged fraudulent acts as a defense to an obligation which he has executed is bound by his pleadings and cannot upon trial avail himself of other facts not pleaded. (*First National Bank v. Mense,* 135 Kan. 143, 10 P. 2d 19, and *Cook v. Williams,* 81 Kan. 438, 105 Pac. 1116.) Also, the rule that an answer to a special question to fully sustain a general verdict, and be consistent with it, must be within the pleadings and supported by the evidence. If it states a fact or representation not alleged in the petition it will not sustain the verdict. (*Stock v. Scott,* 132 Kan. 300, 303, 304, 295 Pac. 638.) Here the only allegation is appellee's answer as to fraud was that he was falsely and fraudulently induced to sign the note sued on by representations that if he would sign the same the proceeds therefrom would be paid over to C. E. Olson and would be used to forthwith bring in necessary drilling tools and equipment for the express purpose of drilling an oil and/or gas well, or wells, on land owned by appellee and others. The answers to question 8(e), and to questions 7 and 8 (a), (b), (c) and (d) for the reasons heretofore stated, were not only unsupported by the evidence but they were not within the pleadings.

In accord with the conclusions herein announced it follows the judgment must be reversed, and the cause remanded with instructions to render judgment for the plaintiff. It is so ordered.